IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AHMED ABU KHATALLAH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-496-O |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Chris Wirth purportedly as "next friend" on behalf of Ahmed Abu Khatallah, Petitioner, who is believed to be a suspect in the 2012 attack on a United States consulate in Benghazi, Libya. After considering the pleadings and relief sought, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I.    BACKGROUND**

Although Petitioner's whereabouts are unknown to this Court, Petitioner is believed to be in custody en route to the United States from Libya to face charges in the United States District Court for the District of Columbia relevant to the attack. Criminal Compl., *United States v. Khatallah*, No. 1:13-mj-00572-RWR-1, ECF No. 1.

**II.    DISCUSSION**

Title 28, Section 2243 of the United States Code authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government. Therefore, no service has issued upon Respondent.

The only district that may consider a habeas corpus challenge pursuant to § 2241 is the

district in which the prisoner is confined at the time the § 2241 petition is filed. *Rumsfeld v. Padilla,* 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel,* 244 F.3d 370, 375 n.5 (5th Cir. 2001). There is no evidence that Petitioner is confined in this district or that he was confined in this district when the petition was filed. Therefore, this Court lacks jurisdiction over the § 2241 petition.

Even if it were shown that Petitioner was incarcerated in this district at the time of filing, Wirth has not established the propriety of his status as "next friend." The Supreme Court has spoken on the issue:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.
>
> These limitations on the "next friend" doctrine are driven by the recognition that "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." Indeed, if there were no restriction on "next friend" standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of "next friend."

*Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted).

### III. CONCLUSION

For the reasons discussed herein, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Chris Wirth as "next friend" on behalf of Ahmed Abu Khatallah, Petitioner,

is **DISMISSED** for lack of subject matter jurisdiction.

    **SO ORDERED** on this **27th day** of **June, 2014.**

                                                 Reed O'Connor
                                          **UNITED STATES DISTRICT JUDGE**